<u>_____UNITED STATES DISTRICT COURT</u>
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOHN D. WILSON,              :    CIVIL NO. **3:04-CV-2512**
                            :
          Petitioner        :    (Judge Kosik)
                            :
     v.                     :    (Magistrate Judge Smyser)
                            :
YORK COUNTY                 :
COMMON PLEAS COURT,    :
                            :
          Respondent        :


### <u>REPORT AND RECOMMENDATION</u>


     On November 18, 2004, the petitioner, a prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus.  The petitioner was given the notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and elected to proceed with his petition.

     By an Order dated January 13, 2005, the respondent was ordered to respond to the petition on or before February 2, 2005.  The respondent did not respond to the petition as ordered.  By an Order dated February 15, 2005, the respondent was ordered to show cause, within fifteen days, why a default judgment should not be entered in favor of the petitioner on

the basis that the respondent has not responded as required by law to the petitioner's claims that his custody is in violation of his federally protected rights.

On February 28, 2005, the respondent filed a response to the petition and a motion to dismiss the petition.  The respondent also filed a brief and documents in opposition to the petition.  The respondent points out that the instant petition is not the first habeas petition filed by the petitioner in this court challenging his conviction.  In 2002, the petitioner filed a habeas petition - *Wilson v. Chesney*, 3:CV-02-0439 (M.D.Pa.) - which petition the court dismissed as untimely.  The respondent argues that the instant petition is also untimely.  The respondent also argues that the petitioner failed to exhaust state court remedies with regard to the claims in the instant case.

On March 10, 2005 and March 21, 2005, the petitioner filed documents in reply to the respondent's response.

28 U.S.C. § 2244(b) provides:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to

2

cases on collateral review by the Supreme Court, that was previously unavailable;  or
    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
    (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
    (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
    (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

    (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

The petitioner is raising claims in the instant petition that he raised in his prior habeas petition, which was dismissed as untimely.  The instant petition is a "second or successive" petition under 28 U.S.C. § 2244(b).  *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005)(holding that "dismissal of a § 2254 petition for failure to comply with the

3

one-year statute of limitations constitutes an adjudication on
the merits that renders future petitions under § 2254
challenging the same conviction "second or successive"
petitions under § 2244(b)"); *Altman v. Benik,* 337 F.3d 764, 766
(7th Cir. 2003)(holding that "because a statute of limitations
bar is not a curable technical or procedural deficiency but
rather operates as an irremediable defect barring consideration
of the petitioner's substantive claims" a habeas petition filed
after a prior petition was dismissed as untimely is a "second
or successive" petition under 28 U.S.C. § 2244(b)).  Before
filing a "second or successive" petition in this court, the
petitioner is require to move in the court of appeals for an
order authorizing this court to consider the petition.  It will
be recommended that the instant petition be dismissed without
prejudice to the petitioner seeking leave in the United States
Court of Appeals for the Third Circuit to file a second or
successive petition.[1]


     Based on the foregoing, it is recommended that the
respondent's motion (doc. 21) to dismiss be granted and that
the petition for a writ of habeas corpus be dismissed without
prejudice to the petitioner seeking leave in the United States

---

[1] We note that the respondent did not raise the issue of the
instant petition being a "second or successive" petition.  However,
since the issue affects the court's jurisdiction it is appropriate
for the court to raise the issue *sua sponte. See Crone v. Cockrell,*
324 F.3d 833, 836 (5th Cir. 2003).

Court of Appeals for the Third Circuit to file a second or
successive petition.


                                              */s/ J. Andrew Smyser*
_____        J. Andrew Smyser
_____                        Magistrate Judge

Dated:  March 31, 2005.

5