IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. WILSON, : | |
| Petitioner, : | |
| vs. : | CIVIL ACTION NO. 3:04-2512 |
| : | (JUDGE KOSIK) |
| YORK COUNTY : | |
| COMMON PLEAS COURT, : | |
| Respondent. : | |

## **MEMORANDUM**

Before the court is petitioner's letter to the court dated April 6, 2005 (Doc. 27), "Petitioner's Summary to the Motion and Brief In Opposition" (Doc. 29), and "Petitioner's Response to the Judge's Report and Recommendation" (Doc. 30), which we will construe as objections to the Report and Recommendation of Magistrate Judge J. Andrew Smyser filed March 31, 2005. For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge dismissing the petition for writ of habeas corpus without prejudice to the Petitioner's moving the Third Circuit Court of Appeals for leave to file a second or successive habeas petition.

## **BACKGROUND**

John D. Wilson ("Petitioner") was convicted in the Court of Common Pleas of York County on October 28, 1997 for violations of the Pennsylvania statute for possession of a controlled substance with intent to deliver and for

violation of the Uniform Firearms Act.  He was sentenced on December 8, 1997.  On appeal, the Superior Court of Pennsylvania upheld Petitioner's conviction, but vacated his sentence and remanded the matter for a new sentencing hearing.  On June 28, 1999, the trial court sentenced Petitioner to a cumulative term of 4 and one half to 14 years.  Petitioner filed no direct appeal from the June 28, 1999 judgment of sentence.  Rather, he filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania challenging the validity of the Superior Court's decision upholding his conviction.  The Supreme Court denied the petition.

Petitioner is an inmate at the State Correctional Institution at Frackville, Pennsylvania.  Petitioner filed his first petition for writ of habeas corpus challenging the state court conviction on March 22, 2002.  *Wilson v. Chesney,* 3:02-cv-00439 (M.D. Pa.).  On June 7, 2002, this court dismissed the first habeas petition as untimely pursuant to AEDPA's one-year statute of limitations.  On March 8, 2003, the Third Circuit denied Petitioner's request for a certificate of appealability.

Petitioner filed a subsequent writ of habeas corpus on June 17, 2004 challenging the revocation of his parole by the Pennsylvania Board of Probation and Parole.  *Wilson v. Pa. Board of Probation/Parole*, 3:04-cv-01306 (M.D. Pa.).  This court entered an order adopting the Report and Recommendation of the Magistrate Judge and dismissing Petitioner's petition

2

for writ of habeas corpus and his motion to submit newly discovered evidence on December 17, 2004.  The Third Circuit denied Petitioner's subsequent request for a certificate of appealability on April 25, 2005.

Petitioner filed the petition for writ of habeas corpus at issue on November 18, 2004.  The petition is his third in this district, and his second challenging the state court conviction of October 28, 1997 and sentence of June 28, 1999.  In his petition, Petitioner asserts a claim of actual innocence.  On February 28, 2005, the respondent filed a response to the petition and a motion to dismiss the petition.  The respondent argued that the petition was untimely and that Petition failed to exhaust state court remedies.

Magistrate Judge J. Andrew Smyser issued a Report and Recommendation on March 31, 2005 wherein he recommended dismissing the petition without prejudice to Petitioner's moving the Third Circuit for leave to file a second or successive petition.  Magistrate Judge Smyser determined that the petition was a second or successive petition challenging the state court conviction that could not be filed absent leave from the Third Circuit.  The second or successive petition issue was not argued by the respondent, but raised by the Magistrate Judge *sua sponte*.   In response, Petitioner merely reasserts his claim of actual innocence and allegations of Constitutional violations.

3

**DISCUSSION**

A party may object to the Report and Recommendation of a Magistrate Judge within ten days after service of the Report. Local Rule 72.3. When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

As noted above, Magistrate Judge Smyser recommended dismissal of Petitioner's habeas petition due to the fact that the latter failed to secure leave from the Third Circuit prior to filing a second or successive petition for writ of habeas corpus. Magistrate Judge Smyser correctly cited the statutory provisions governing a second or successive petition for writ of habeas corpus. The relevant portions of 28 U.S.C. § 2244 are as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be

>    dismissed.
>
>    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
>    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.*

A dismissal of a 28 U.S.C. § 2254 habeas petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders subsequent "petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b). *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005). The Third Circuit clearly

5

held that, absent an order from the circuit court granting leave to a petitioner, a district court does not have subject matter jurisdiction to entertain any petition for writ of habeas corpus that it deems to be a second or successive petition. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). Rather, "[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Id.*

In the instant case, Petitioner filed a prior habeas petition challenging his state court conviction on March 22, 2002. This court dismissed the first petition as it was in violation of the AEDPA's one-year statute of limitations. That dismissal constitutes an adjudication on the merits that renders the present § 2254 petition a second or successive petitions under § 2244(b). *Murray*, 394 F.3d at 81. This court is without jurisdiction to accept the petition. *See Robinson*, 313 F.3d at 139 (holding district court without subject matter jurisdiction to entertain a second or successive habeas petition).[1] We must, "dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Id.* Accordingly, we will adopt Magistrate Judge Smyser's Report and Recommendation and dismiss the instant petition for writ of habeas

---

[1] Because we lack jurisdiction, we are precluded from reviewing respondent's motion to dismiss based upon the statute of limitations and Petitioner's alleged failure to exhaust state remedies.

6

corpus as contrary to 28 U.S.C. § 2244(b).  The petition will be dismissed without prejudice to Petitioner's seeking approval to file a second or successive habeas petition from the Third Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. WILSON, | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO. 3:04-2512 |
| | : (JUDGE KOSIK) |
| YORK COUNTY COMMON PLEAS COURT, | : |
| Respondent. | : |

## **ORDER**

AND NOW, this 24th day of MAY 2005, IT IS HEREBY ORDERED THAT:

[1] the Report and Recommendation of Magistrate Judge J. Andrew Smyser dated March 31, 2005 (Doc. 26) is adopted;

[2] Petitioner's petition for writ of habeas corpus is dismissed without prejudice to filing with the Third Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A); and,

[3] the Clerk of Court is directed to close this case and forward a copy of this Memorandum and Order to United States Magistrate Judge J. Andrew Smyser.

                                                   s/Edwin M. Kosik
                                                   United States District Judge